JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERLENA GROOMES,<br><br>     Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES, ET AL.,<br><br>     Defendants. | No. CV 25-2884-E<br><br>ORDER DISMISSING PURPORTED<br><br>FEDERAL LAW CLAIM WITH<br><br>PREJUDICE AND REMANDING CASE TO<br><br>SUPERIOR COURT |

Plaintiff filed the Complaint in Superior Court in 2025. The only named Defendant is the City of Los Angeles.[1]

The Complaint arose from a single incident of alleged excessive force by Los Angeles Police. All but one of the eight claims in the Complaint are state law claims.

The one exception, the seventh claim, mentions 42 U.S.C. section 1983,[2] but manifestly fails to state a federal claim. A plaintiff may not bring a claim under 42 U.S.C.

---

[1] Plaintiff did not name any other Defendant within the allotted time. See ECF Doc. 12-1, p. 2.

[2] The caption on page 1 of the Complaint references "42 U.S.C. § 1923," but this reference evidently is a typographical error.

section 1983 against a municipal entity such as Defendant on a theory of respondeat superior. See Connick v. Thompson, 563 U.S. 51, 60 (2011); Ashcroft v. Iqbal, 556 U.S. at 676; Polk County v. Dodson, 454 U.S. 312, 325 (1981).  A municipal entity may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage.  See Board of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) "(Monell").  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability [against a local governmental entity] unless proof of the incident includes proof that it was caused by an existing, unconstitutional [local government] policy, which policy can be attributed to a [local government] policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); Meehan v. County of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (same).  Claim Seven fails plausibly to assert any facts demonstrating that the alleged excessive force incident resulted from a policy, custom or usage of Defendant.

Nevertheless, Defendant removed the action to federal court on the basis of Claim Seven and has now moved for summary judgment.[3]  The Motion contends, inter alia, that Claim Seven fails as a matter of law under Monell.  This contention is plainly correct.  None of the evidence submitted by Plaintiff in opposition to the Motion raises any triable issue of fact with respect to whether the alleged excessive force incident resulted from a policy, custom or usage of Defendant.  Therefore, Claim Seven is dismissed with prejudice.  See Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In light of the dismissal with prejudice of the only purported federal law claim in the case, the Court will exercise its discretion to decline supplemental jurisdiction over the remaining state law claims.  See 28 U.S.C. § 1367(c)(3); Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 640-41 (2009) (district court has discretion to decline to exercise supplemental

---

[3]    The Motion was filed March 3, 2026, but the case was not transferred to the undersigned judge until May 19, 2026.

2

jurisdiction over state law claims where court has dismissed claims over which it had original jurisdiction); Lacey v. Maricopa County, 693 F.3d 896, 940 (9th Cir. 2012) (en banc) (same).[4]

Therefore, it is ordered that:  (1) Claim Seven is dismissed with prejudice; (2) Defendant's Motion for Summary Judgment is otherwise denied without prejudice; (3) this case is remanded to the Superior Court of the State of California for the County of Los Angeles, No. 25-LBCV00174; and (4) the Clerk immediately shall effect the remand and close this federal case.

DATED: June 3, 2026

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] Under the circumstances of this case, the balance of factors, including judicial economy, convenience, fairness and comity, point toward declining to exercise supplemental jurisdiction herein.  See, e.g., Oliver v. Ralph's Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011); Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).